# ORIGINAL

FILED

12 APR -5 AM 11: 24

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  PAMELA CHYBA

2  C/O 7734 Madrilena Way

3

4  Carlsbad, California 92009

5

6

7

8

9  **UNITED STATES DISTRICT COURT**

10  **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  PAMELA CHYBA                          CASE NO.

13  Plaintiff,                            1 2CV0 8 3 7 BEN NLS

14

15  vs.                                   **CIVIL RIGHTS COMPLAINT**
                                          **PURSUANT TO 15 USC § 1681**
16  TXU ENERGY

17  Defendant                             **TRIAL BY JURY DEMANDED**

18

19

20                                        **DATE: 4/3/2012**

21

22

23

24                        **PARTIES**

25  COMES NOW, the Plaintiff, Pamela Chyba, Plaintiff respectfully submits Plaintiffs Statement of Claim.

26  The Defendant, TXU ENERGY, an unknown entity, 6555 Sierra Drive, Irving, Texas 75309. C/O Registered

27  Agent: CT CORPORATION SYSTEM, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201, is a

28

utilities reseller and is governed under the law by The Fair Credit Reporting Act "FCRA" 15 USC §1681, *et seq.*

## VENUE AND JURISTICTION

The occurrences which give rise to this action occurred in San Diego, California and Plaintiff resides in San Diego, California. Venue is proper in the Federal District of Southern California. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

## PLAINTIFF'S STATEMENT OF CLAIMS

Discovery of violation brought forth herein occurred August 22nd, 2011 and is within the statue of limitations as defined in FCRA 15 U.S.C. § 1681p.

The alleged account is not in question here. But the fact as to how it was not validated and wrongful actions of the Defendant in reporting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiffs credit report, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq.*

The Plaintiff requested a copy of her credit report from Trans Union on August 22, 2011. Upon inspection of the said report the Plaintiff observed that Defendant was listed on the Plaintiffs Trans Union credit report indicating a debt/account due to Defendant.

The Plaintiff sent the Defendant a Dispute/Validation letter by USPS Certified Mail on August 27th 2011, which the Defendant received on August 30th 2011 7:30a.m.. No validation was received. The Defendant has never contacted the Plaintiff at any time with any allegations of an alleged debt/account.

The Plaintiff telephoned Defendant on February 13th, 2012; the representative could not validate or provide any specifics and stated someone would call back within 5 days. No one ever phoned Plaintiff back. Plaintiff then sent a second request to the Defendant by USPS Certified Mail on February 25th, 2012, received by Defendant on March 2nd, 2012 at 7:25a.m. in an attempt to settle this situation amicably to try and get a response from the Defendant prior to filing this complaint. The Defendant has never responded to the Plaintiff.

The Plaintiff has tried every way possible to resolve these issues but has never received an answer from Defendant, forcing the Plaintiff to seek Justice and for the court to intervene in this matter. The derogatory erroneous and inaccurate information still remains on the Plaintiff's credit report to date.

The Plaintiff has disputed this alleged account with Trans Union on several occasions and Trans Union has confirmed that they are reporting it correctly as advised to Trans Union by Defendant.

The Defendant must also inform notice of dispute to Trans Union that the alleged account is in dispute, which the Defendant has not done. The Defendant has continued reporting erroneous and inaccurate information by updating the Plaintiffs credit report for more than 7 months even after informing the Defendant of this and asking for proof of any account and has done so.

The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], *et seq.* As follows:

A. Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for over 7 months.

B. Continually updating the Plaintiff's credit report for over 7 months with this erroneous and inaccurate information.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Plaintiff hereby incorporates each and every one of the preceding paragraphs as if the same were fully set forth herein.

According to the Fair Credit Reporting Act, § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not

complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer. (b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.  The information

from Defendant on the Trans Union credit report of Plaintiff does not reflect that the information is disputed by the consumer.

According to the Fair Credit Reporting Act, 616. Civil liability for willful non-compliance [15 U.S.C. §1681n]

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.  Plaintiff demands Judgment in the amount of $1,000.00 for each month the Defendant violated the act by updating the Plaintiffs credit reports with inaccurate and erroneous information.

# COUNT II

# VIOLATION OF THE FAIR CREDIT REPORTING ACT

Plaintiff hereby incorporates each and every one of the preceding paragraphs as if the same were fully set forth herein.

According to the Fair Credit Reporting Act, § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information. Plaintiff demands Judgment in the amount of $1,000.00 for each month the Defendant has failed to report the alleged account in dispute.

Plaintiff has notified Defendant multiple times by certified mail that the Plaintiff disputes the inaccurate information. Defendant continues to report the alleged debt on the Trans Union credit report of Plaintiff to date.

According to the Fair Credit Reporting Act, 616. Civil liability for willful non-compliance [15 U.S.C. § 1681n]

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

According to the Fair Credit Reporting Act, 617. Civil liability for negligent non-compliance [15 U.S.C.

§ 1681o]

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this

    title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action.

    Plaintiff has suffered injury in the form of Defamation of character and has a negatively impacted

    credit score as of this date because of the willful noncompliance and negligent actions of

    erroneous and inaccurate reporting and/or inaction's of the defendant.

**WHEREFORE,** the Defendant has violated the Fair Credit Reporting Act, Plaintiff demands judgment in

the amount of $2,000.00 per month for their violations of the FCRA, plus all costs of this action along with

any additional costs, punitive damages, actual damages as the court may allow .

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

1. A settlement agreement between the Plaintiff and the Defendant that the Defendant shall remove

    any derogatory information and inquires from all major credit reporting agencies including Trans

    Union, and any other known credit reporting agencies Defendant has used now or may use in the

    future

2. Defendant must also provide a letter and or Universal Data Form indicating that they have done this

    and send same to the Plaintiff

3. The Defendant will be barred now or in the future from selling or transferring of the alleged account

    to any other collection agency or attorney or entity and also barred now and in the future from re-

    entering this information into the Plaintiffs credit reports

4. The Defendant must cease and desist any further collection activities if applicable against the Plaintiff and the Defendant may not sell or transfer the alleged account to any other Collection Agency Attorney or entity now or in the future

5. Payment of $2,000.00 per month for their violations

6. Damages and costs as allowed by the Court

Plaintiff reserves the right to amend complaint.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

*Pamela Chyba*

Pamela Chyba, Plaintiff

In care of: C/O 7734 Madrilena Way

Carlsbad, California 92009

## VERIFICATION

I, Pamela Chyba, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

*Pamela Chyba*

Pamela Chyba

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that she executed the same in her authorized capacity and that by her signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____

**NOTARY PUBLIC IN AND FOR**

**THE STATE OF CALIFORNIA**

ALPHONSO TSANG
Commission # 1902488
Notary Public - California
San Diego County
My Comm. Expires Sep 2, 2014

**Notary Seal**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

12CV0 837 BEN NLS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Pamela Chyba | |
| **(b)** County of Residence of First Listed Plaintiff San Diego | County of Residence of First Listed Defendant Dallas |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
15 USC 1681

Brief description of cause:
violations of the Fair Credit reporting Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE

DOCKET NUMBER

DATE April 15, 12

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 37206 AMOUNT $350— APPLYING IFP

JUDGE

MAG. JUDGE

MB 04/05/12

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS037206
Cashier ID: mbain
Transaction Date: 04/05/2012
Payer Name: PAMELA CHYBA
----------------------------------
CIVIL FILING FEE
 For: PAMELA CHYBA
 Case/Party: D-CAS-3-12-CV-000837-001
 Amount:      $350.00
----------------------------------
CASH
 Amt Tendered:  $350.00
----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.