FILED

12 DEC 17 PM 12: 45

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CHYBA,<br><br>                    Plaintiff,<br>vs.<br><br>TXU ENERGY,<br><br>                    Defendant. | CASE NO. 12-CV-0837 BEN (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 10] |

Pro se Plaintiff Pamela Chyba brings this lawsuit against TXU Energy[1] under the Fair Credit Reporting Act ("FCRA"). She alleges that TXU, a Texas-based residential electricity provider, is responsible for an "erroneous and inaccurate" debt entry on her credit report. The company also stands accused of failing to properly notify credit bureaus that Chyba disputed the entry. (Compl. 2-4, ECF No. 1.)[2]

TXU moves to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case. (Def.'s Mot. to Dismiss, ECF No. 10.) TXU asserts that it has no contacts with California and

---

[1] According to Defendant's corporate disclosure statement, TXU Energy Retail Company, LLC, a Texas limited liability company, is a wholly owned subsidiary of Texas Competitive Electric Holdings Company LLC, a Delaware limited liability company, which is itself a wholly owned subsidiary of Energy Future Competitive Holdings Company, a Texas corporation, which is itself a wholly owned subsidiary of Energy Future Holdings Corp., a corporation organized under the laws of the State of Texas. (ECF No. 9.)

[2] Chyba did not number the pages or paragraphs in her complaint. Accordingly, the Court refers to page numbers generated by the CM/ECF system.

none of the acts giving rise to the litigation occurred here. (*Id.* at 1.) In support of its motion, TXU filed declarations from Taisa Ware and Jermaine Hunt, employees of TXU and a TXU affiliate, respectively. (Ware Decl., ECF No. 10-3; Hunt Decl., ECF No. 10-2).

Chyba contends jurisdiction is proper. (Compl. 2.) She filed a "cross motion" to dismiss TXU's motion (Cross-mot., ECF No. 12) as well as a response (Resp., ECF No. 15). The Court construes both documents as Chyba's opposition. Chyba also filed supporting documents, including an affidavit (Chyba Aff., ECF No. 12-2), a "judicial notice/cognizance with claim of rights" (ECF No. 12-3), and a "motion in objection" to the declarations of Hunt and Ware (Objection, ECF No. 12-4).[3] TXU filed a reply. (Reply, ECF No. 18.)

Having reviewed the parties' filings and applicable law, the Court concludes TXU's connection to California is simply too tenuous. TXU's motion to dismiss is **GRANTED**.

## BACKGROUND

Chyba contends that she is a San Diego resident who "has never been a resident of Texas, worked in Texas, or held any type of Texas issued identification." (Aff. ¶ 7.) She makes the following factual allegations. She discovered the negative credit entry in August 2011 and tried in vain to correct it. (Compl. 2-3.) First, she sent a letter to TXU by certified mail. (*Id.* at 3.) She didn't hear back. (*Id.*) When she followed up with a telephone call in February, a TXU representative "could not validate or provide any specifics and stated someone would call back within five days." (*Id.*) That call never came. (*Id.*) Chyba sent a second letter. (*Id.*) Again, nothing. (*Id.*) On "several occasions," she disputed the entry with a credit bureau but was told that it was consistent with information provided by TXU. (*Id.* at 3.) The gist of Chyba's complaint is that TXU never informed the credit bureau that her debt was in dispute and has continued updating her credit report with bad information. (*Id.* at 4.)

TXU makes the following factual allegations. Chyba incurred the debt in 2009 at residences

---

[3] Chyba objects to the declarations based on: (1) lack of firsthand knowledge, (2) irrelevance, (3) lack of probative value, (4) hearsay, and (5) "unnotarized and unverified testimony." (Objection 2.) She moves to strike Hunt's declaration because TXU's corporate disclosure statement "was not disclosed as required." (*Id.*) Chyba is incorrect. TXU filed its statement on May 31, 2012. (ECF No. 9.) The Court finds no grounds to strike the declaration.

in Grand Prairie, Texas and Crowley, Texas. (Ware Decl. ¶¶ 3-4.) In 2011, TXU reported the account to a collection agency at its Arizona office. (*Id.* ¶ 3.) In September of that year, TXU sent Chyba a debt verification letter in response to her inquiries. (*Id.* ¶ 4, Ex. 1.) Chyba's mailing address is listed on the letter as a San Diego post office box. (*Id.*)

TXU asserts that all of its facilities and business operations are in Texas. (Hunt Decl. ¶ 4.) It "has no offices, employees, customers, management, operations, or presence in California." (*Id.*) It has "no bank accounts or assets in California." (*Id.*) "TXU Energy does not own or lease any real estate in California." (*Id.*) It "does not maintain an agent for service of process in California." (*Id.*) It "does not maintain a telephone number, street address, post office box, mailing address, or any other contact information in California." (*Id.*) It "does not transact, conduct, or solicit any business in the State of California and has no contracts to supply services or goods in California." (*Id.* ¶ 5.) "TXU Energy is not qualified to do business in California, and none of its members is a citizen of the State of California." (*Id.*)

## DISCUSSION

### 1. LEGAL STANDARD

Once a defendant moves to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). If there is no evidentiary hearing, the plaintiff need only make, through pleadings and affidavits, "a prima facie showing of the jurisdictional facts." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001). Although "uncontroverted allegations in the complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor," *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002), "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden," *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). The Court will draw "reasonable inferences from the complaint in favor of the plaintiff where personal jurisdiction is at stake, and will assume credibility." *Fiore v. Walden*, 688 F.3d 558, 575 (9th Cir. 2012).

//

2. **PERSONAL JURISDICTION**

A forum state's long-arm statute establishes the boundaries of a court's jurisdiction over non-residents. "California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Mavrix*, 647 F.3d at 1223. To comport with due process, a court "may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) (citation and internal quotation marks omitted).

Jurisdiction can be either "general" or "specific." *Mavrix*, 647 F.3d at 1223, 1227. "For general jurisdiction to exist, a defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Id.* at 1223-24 (citations and internal quotation marks omitted). "The standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (alterations in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). For example, merely appointing an agent for service of process does not subject a company to general jurisdiction. *Id.* at 572.

Chyba does not assert TXU is susceptible to general jurisdiction, and it is evident from the facts alleged that the company does not have "continuous and systematic contacts" with California. A closer question, however, is whether specific jurisdiction lies against TXU. Specific jurisdiction is "premised on the particular circumstances underlying the lawsuit sought to be litigated." *Fiore*, 688 F.3d at 573. The Ninth Circuit uses the three-prong *Schwarzenegger* test for determining whether specific jurisdiction applies in a particular case:

> (1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction *with the forum or resident thereof*; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

        (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Fiore*, 688 F.3d at 573-74 (emphases added) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Chyba bears the burden of satisfying prongs one and two. *Mavrix*, 647 F.3d at 1228. If she succeeds, the burden shifts to TXU "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). Because Chyba fails to demonstrate "purposeful direction," the Court's analysis starts and ends at prong one.

"The first part of the *Schwarzenegger* test is subdivided into purposeful direction, which most often applies in tort cases, and purposeful availment, which most often applies in contract cases." *Fiore*, 688 F.3d at 576. Because Chyba has alleged FCRA violations, purposeful direction analysis applies. *See Gordon v. DTE Energy*, 680 F. Supp. 2d 1282, 1285-86 (D. Wash. 2010). Purposeful direction requires its own three-part test. A party must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole*, 303 F.3d at 1111. Liberally construed, Chyba's allegations satisfy the first and third elements. Reporting a delinquent account to a credit bureau is an intentional act, and "harm due to violations of the FCRA occurs where the plaintiff feels the consequences, not where the event complained of occurred." *Gordon*, 680 F. Supp. 2d at 1285-86.

It is the "express aiming" element where Chyba falls short. Express aiming describes a situation in which a defendant "engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bankcroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2002); *Gordon*, 680 F. Supp. 2d at 1285 ("Knowledge of the plaintiff's residence is the crucial element.") Chyba has not shown that TXU expressly aimed its alleged misconduct toward California. Specifically, Chyba has not alleged facts that demonstrate TXU knew she had any substantial, ongoing connection to the state. *See Fiore*, 688 F.3d at 578 (finding personal jurisdiction where a defendant "definitely knew" of plaintiffs' "significant connection" to the forum state); *Gordon*, 680 F. Supp. 2d 1282 (finding jurisdiction where "Plaintiff has demonstrated that Defendant was aware of its Washington residence"); *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d

1156, 1166 (D. Haw. 2003) (finding no jurisdiction in Hawaii where there was "no indication [defendants] were aware that Plaintiff resided in Hawaii or that any injury would occur in Hawaii"). Chyba assumes that if TXU has been "reporting erroneous and inaccurate information to Plaintiff's (a California resident) credit report monthly," then TXU "clearly" has California contact information. (Cross-Mot. 2.) But she provides no factual support for that assertion. Chyba herself has alleged only unilateral contacts—that she contacted TXU twice by letter and once by phone. She asserts that TXU never responded. (Compl. 3.) TXU does appear[4] to have responded to Chyba's debt verification request, but it did so by writing to a California *post office box*, which is not by itself evidence that Chyba had a "significant connection" to the state. (Ware Decl. ¶ 3, Ex. 1.) Beyond that, TXU asserts that it simply reported the debt to a collections agency's office in Arizona. (*Id.*) This is too thin a reed to support the exercise of personal jurisdiction. *See Harris v. Trans Union*, 197 F. Supp. 2d 200, 207 (E.D. Pa. 2002) (finding two plaintiff-initiated phone calls about a disputed debt an insufficient basis for asserting specific jurisdiction over an out-of-state utility in Pennsylvania).

## CONCLUSION

Because Chyba has not satisfied her burden of establishing a prima facie case of personal jurisdiction, her complaint is **DISMISSED** without prejudice. The Court need not address whether venue is proper.

**IT IS SO ORDERED.**

DATED: December 17, 2012

HON. ROGER T. BENITEZ
United States District Court Judge

---

[4] Chyba appears to dispute ever getting this letter. (Compl. 3 ("The Defendant has never responded to the Plaintiff.").)