# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CHYBA,<br><br>                    Plaintiff,<br><br>vs.<br><br><br>TXU ENERGY,<br><br>                    Defendant. | CASE NO. 12-CV-0837 BEN (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RECUSAL OF JUDGE ROGER T. BENITEZ [ECF No. 23]**<br><br>**(2) DENYING MOTION FOR RECONSIDERATION [ECF No. 24]**<br><br>**(3) DENYING MOTION FOR IN CAMERA REVIEW [ECF No. 25]**<br><br>**(4) DENYING AS MOOT EX PARTE MOTION FOR CONTINUANCE [ECF No. 26]** |

On December 17, 2012, the Court dismissed without prejudice Plaintiff Pamela Chyba's complaint against Defendant TXU Energy for lack of personal jurisdiction. On January 14, 2013, Plaintiff filed: (1) Motion for Recusal [ECF No. 23]; (2) Motion for Reconsideration [ECF No. 24]; and (3) Motion for In Camera Review [ECF No. 25]. Plaintiff has also filed an *ex parte* motion requesting a continuance of the hearing date. [ECF No. 26]. The Court finds the motions suitable for resolution on the papers without a hearing pursuant to Civil Local Rule 7.1.d.1. Accordingly, the hearing scheduled for February 11, 2013 is **VACATED** and Plaintiff's request for a continuance is **DENIED** as moot. The remaining motions are **DENIED** for the reasons stated below.

### 1. Motion for Recusal

Plaintiff first moves for recusal of the undersigned based on a perceived conflict of interest and the appearance of partiality. Specifically, Plaintiff objects that an attorney for the opposing party previously worked as a law clerk in this Court. Plaintiff's motion is **DENIED**. Judges are not prohibited from hearing cases in which a former law clerk is involved. *Morgal v. Maricopa Bd. of Supervisors*, No. CV 07-0670-PHX-MHM, 2009 U.S. Dist. LEXIS 57063, at *3 (D. Az. June 18, 2009) ("[C]ase law reflects that courts routinely permit their former law clerks to practice in front of them, provided that the law clerk has no intimate knowledge of the judge's inclinations regarding the case.") The attorney in question worked for this Court several years before this case was filed. She has no intimate knowledge of the Court's inclinations regarding it. Recusal is not required.

### 2. Motion for Reconsideration

Plaintiff next moves the Court to reconsider its order granting Defendant's motion to dismiss. In the alternative, Plaintiff asks the Court to reopen the case so that she may file an amended complaint. Plaintiff's Complaint alleged violations of the Fair Credit Reporting Act ("FRCA"). In its dismissal order, the Court held that Plaintiff failed to satisfy her burden of making a prima facie showing of jurisdictional facts. Specifically, Plaintiff failed to establish that Defendant expressly aimed its alleged misconduct toward California.

Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir.1988)); *see also* CivLR 7.1(i)(1). A motion for reconsideration is not a vehicle "to ask the Court to rethink what it has already thought." *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Az. 2003). Ultimately, the decision whether to grant such a motion lies in the Court's sound discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff has not put forward newly discovered evidence, nor has she asserted an intervening change in the controlling law. Rather, she asserts that the Court misunderstood the facts before it.

The Court disagrees. Further, to the extent Plaintiff now asserts new facts that she could have previously raised,[1] the Court declines to consider them on a motion for reconsideration. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (stating that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). Plaintiff's motion for reconsideration is **DENIED**. However, because Plaintiff is *pro se* and because the Court's dismissal was without prejudice, the Court will permit her to file an amended complaint. If she chooses to do so, Plaintiff is advised to adhere to Civil Local Rule 15.1, which governs amended pleadings.

### 3. Motion for In Camera Review

Finally, Plaintiff moves for in camera review of evidence that she contends establishes her as a California resident. The motion is **DENIED**. Plaintiff's complaint was dismissed because she failed to allege sufficient facts that Defendant expressly aimed its conduct at the forum state, not because she had failed to assert her California residency.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Recusal [ECF No. 23], Motion for Reconsideration [ECF No. 24], and Motion for In Camera Review [ECF No. 25] are **DENIED**. If Plaintiff chooses to file an amended complaint in this action, she must do so within 30 days of entry of this order.

**IT IS SO ORDERED.**

DATED: February 6, 2013

Hon. Roger T. Benitez
United States District Judge

---

[1] For example, Plaintiff now asserts that "TXU corporate attorney Sinad contact[ed] Plaintiff twice in March 2012 at a San Diego area code phone number." (Mot. for Reconsideration at 3.) This allegation did not appear in Plaintiff's complaint.