FILED

13 MAY 20 AM 10: 04

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ⟨sig⟩ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CHYBA,<br><br>　　　　Plaintiff,<br>vs.<br><br>TXU ENERGY and TXU ENERGY RETAIL COMPANY, LLC,<br><br>　　　　Defendants. | CASE NO. 12-CV-00837 BEN (NLS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER**<br><br>[ECF Nos. 36, 38] |

Plaintiff Pamela Chyba has filed a Verified First Amended Complaint ("FAC") asserting violations of the Fair Credit Reporting Act.[1] Defendant TXU Energy Retail Company, LLC moves to dismiss the FAC for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Alternatively, TXU requests transfer to the Northern District of Texas. For the reasons stated below, TXU's motion is **DENIED**.

## BACKGROUND

TXU is a Texas-based residential electricity provider.[2] Chyba is a California

---

[1] Chyba also makes passing reference to the Fair Debt Collection Practices Act.

[2] The FAC names two defendants: "TXU Energy" and "TXU Energy Retail Company, LLC." TXU Energy Retail Company, LLC filed the motion to dismiss. It asserts that "TXU Energy" is not a legal entity subject to suit; rather, it is the trade name under which Plaintiff TXU Energy Retail Company, LLC does business in the State of Texas. Chyba's substantive allegations do not distinguish

resident and former TXU customer. Chyba blames TXU for an "erroneous and inaccurate" debt entry on her credit report. She alleges that she noticed and contested the entry in August 2011, but TXU failed to properly notify a credit bureau of the dispute. She alleges that TXU "continued reporting erroneous and inaccurate information" despite her objections.

TXU contends that all its facilities and business operations are in Texas. It contends that it does no business at all in California,[3] and that Chyba contracted for electrical service at three Texas addresses. It contends that Chyba never informed TXU she was a California resident and that TXU simply reported her debt to an Arizona debt-collection company.

Chyba commenced this action on April 5, 2012. The Court dismissed the initial complaint without prejudice on the basis that Chyba had failed to make a prima facie showing that this Court had personal jurisdiction over TXU. Chyba filed the FAC on March 8, 2013. (ECF No. 31.) TXU again moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Northern District of Texas. (ECF No. 36.) Chyba filed a response and then moved to strike certain exhibits filed by TXU. (ECF Nos. 37 and 38.)[4] TXU replied. (ECF No. 40.) The Court took the matter under submission and now

---

between TXU Energy and TXU Energy Retail Company, LLC. Accordingly, the Court will treat the Defendants as a single entity and use the shorthand "TXU."

[3] TXU submits the declaration of Betty Fleshman, an employee of EFH Corporate Services Company, a subsidiary of Energy Future Holdings Corp. (EFH). (ECF No. 36-3.) Fleshman states that TXU is an affiliate of EFH. (Fleshman Decl. ¶ 3.) She states, among other things, that TXU "has no offices, employees, customers, management, operations, or presence in California"; it has "no bank accounts or assets in California" (*Id.*); it "does not own or lease any real estate in California"; it "does not maintain an agent for service of process in California"; it "does not maintain a telephone number, street address, post office box, mailing address, or any other contact information in California"; it "does not transact, conduct, or solicit any business in the State of California and has no contracts to supply services or goods in California"; and it "is not qualified to do business in California, and none of its members is a citizen of the State of California." (*Id.* ¶¶ 4-5.)

[4] Chyba moves to strike the declarations of Betty Fleshman (ECF No. 36-3), Taisa Ware (ECF No. 36-2), and Victor Johnson (ECF No. 36-4), as well as an exhibit (ECF No. 36-5) filed in Support of Defendants' Motion to Dismiss. Her objections lack merit. The motion to strike (ECF No. 38) is **DENIED**.

resolves it pursuant to Civil Local Rule 7.1.d.1.

## LEGAL STANDARD

The burden is on the plaintiff to show that the court has jurisdiction over the defendant, but in the absence of an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). The Court resolves all disputed facts in favor of the plaintiff. *Id.*; *see also Fiore v. Walden*, 688 F.3d 558, 575 (9th Cir. 2012) ("We will draw reasonable inferences from the complaint in favor of the plaintiff where personal jurisdiction is at stake, and will assume credibility."), *cert. granted*, 133 S. Ct. 1493 (2013).

## DISCUSSION

### I. PERSONAL JURISDICTION

A forum state's long-arm statute establishes the boundaries of a court's jurisdiction over nonresidents. "California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "Due process requires that to exercise jurisdiction over a non-resident defendant, the defendant 'have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Wash. Shoe*, 704 F.3d at 672 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Jurisdiction can be either "general" or "specific." *Mavrix*, 647 F.3d at 1223, 1227. "General jurisdiction" requires that a defendant engage in continuous and systematic general business contacts that approximate physical presence in the forum state. *Id.* at 1223-24. The Court finds no basis for general jurisdiction against TXU.

"Specific jurisdiction" is "premised on the particular circumstances underlying the lawsuit sought to be litigated." *Fiore v. Walden*, 688 F.3d at 573. A

court may exercise specific jurisdiction over a non-resident if three requirements are satisfied:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). It is the plaintiff's burden to satisfy the first two prongs. *Wash. Shoe*, 704 F.3d at 672. If she succeeds, the burden shifts to the defendant to set forth a "'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). The Court will address each prong in turn.

### 1. Purposeful Direction

The first part of the specific jurisdiction analysis encompasses two distinct concepts: "purposeful direction" and "purposeful availment." The Ninth Circuit typically applies a "purposful direction" test in tort cases and a "purposeful availment" analysis in contract cases. *Wash. Shoe*, 704 F.3d at 672-73. Because Chyba has alleged violations of the FCRA, not a contractual violation, the Court will apply the "purposeful direction" or "effects" test. *See Gordon v. DTE Energy*, 680 F. Supp. 2d 1282, 1285-86 (D. Wash. 2010).

The "effects" test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). "Thus, courts may exercise personal jurisdiction over a defendant who engages in an intentional act that causes harm in

the forum state, even if that act takes place outside of the forum state." *Wash. Shoe*, 704 F.3d at 673.

### a. Intentional act

First, the Court asks whether TXU's alleged wrongdoing constituted an intentional act. The Ninth Circuit construes "intent" in the context of the "intentional act" test as "referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Chyba alleges that TXU erroneously reported a delinquency to a consumer credit bureau while failing to provide the requisite notice that the account was in dispute. TXU concedes this is an intentional act. The first prong of the "effects test" is satisfied.

### b. Express aiming

Next, the Court asks whether TXU expressly aimed that conduct at California. The "express aiming requirement is satisfied, and specific jurisdiction exists, when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Wash. Shoe*, 704 F.3d at 675 (citation and internal quotation marks omitted); *Gordon*, 680 F. Supp. 2d at 1285 ("Knowledge of the plaintiff's residence is the crucial element.")

The Court dismissed Chyba's original complaint because she failed to show express aiming. In anticipation of a renewed jurisdictional attack, Chyba includes with the FAC a "Verified Memorandum of Points and Authorities" in which she asserts that "TXU contracted with Plaintiff, a non-Texas resident, fully knowing Plaintiff was a California resident."[5] She alleges that "TXU directed all correspondence to Plaintiff's California mailing address," as evidenced by five letters attached as exhibits (ECF Nos. 31-2). The letters are addressed to Chyba at a

---

[5] Because the pleadings of a pro se litigant are construed liberally, the Court treats Chyba's Verified Memorandum of Points and Authorities as part of the FAC.

San Diego post office box. Two are "welcome" letters for new accounts, dated July 3, 2008 and November 23, 2009.[6] Two are from TXU's Customer Care department; they purport to follow-up on inquiries made on November 23, 2009 and December 2, 2009. The fifth letter acknowledges the cancellation of an account. It is dated December 11, 2009. TXU does not address these letters in its briefs.

What these letters appear to show is that TXU repeatedly communicated with Chyba in California prior to the alleged wrongdoing. TXU knew, in other words, that as early as 2008, that Chyba had a connection with the forum state. Given the number of letters and the dates they were sent, it is a reasonable inference that TXU knew Chyba was a California resident when it later reported her debt. Certainly, it would be better for Chyba if TXU had written to her at a residential address, rather than a post office box, but at this juncture, Chyba need only make a prima facie showing of jurisdictional facts. She has done so.

### c. Foreseeable Harm

Finally, the Court asks whether TXU's conduct "caused harm that it knew was likely to be suffered in the forum." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010). "The Ninth Circuit has held that harm due to violations of the FCRA occurs where the plaintiff feels the consequences, not where the event complained of occurred." *Gordon*, 680 F. Supp. 2d at 1286 (citing *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1074 (9th Cir. 2001)). Chyba asserts that she was a "non-Texas resident customer." The Court has already deemed reasonable the inference that TXU knew Chyba to be a California resident. As a result, it was foreseeable that any harm caused by the alleged wrongdoing would be felt in California. This element is satisfied. Chyba has shown "purposeful direction."

### 2. Causation

The Court now turns to the second part of the specific jurisdiction test:

---

[6] Chyba has redacted the account numbers.

whether Chyba's claim arises out of or relates to the TXU's forum-related activities. The Ninth Circuit applies a "but for" test. *Myers*, 238 F.3d at 1075. Chyba must show that she would not have suffered the alleged injury "but for" TXU's conduct. *Id.*

The Court already concluded that TXU's alleged wrongdoing—the "erroneous and inaccurate reporting on Plaintiff's credit report"—was a forum-related activity. Chyba has alleged that she suffered damages from that conduct. The Court is satisfied that she has shown causation.

### 3. Reasonableness

The final part of the specific jurisdiction test is reasonableness. TXU must present a "compelling case" that the exercise of jurisdiction over it would be unreasonable. The Court balances seven factors: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interests in convenient and effective relief; and (7) the existence of an alternative forum. *Myers*, 238 F.3d at 1075. No single factor is dispositive. *Id.*

First, taking Chyba's allegations as true, TXU expressly aimed its conduct at California. The contacts may have been slight, but this factor nonetheless tips toward Chyba.

Second, defending a small case in California may inconvenience TXU, but the burden does not appear substantial.

Third, the Court sees no significant conflict with Texas sovereignty. This factor is neutral.

Fourth, California has an interest in protecting its residents from violations of the FCRA. This factor tips toward Chyba.

Fifth, while it may be more efficient to litigate this case in Texas where witnesses and evidence are located, "[i]mprovements in communication and transportation have reduced much of the historical burden of litigating in a distant forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 841 (9th Cir. 1986). This factor favors TXU, but only slightly.

Sixth, Chyba allegedly lives in California. Her decision to file suit here weighs in her favor.

Seventh, the existence of an alternative forum in Texas favors TXU.

Having balanced all of the factors, the Court denies TXU's motion to dismiss. While TXU's argument is not wholly without merit, it has not presented a "compelling case" that exercising jurisdiction over it in California is unreasonable.

## II. VENUE

TXU argues in the alternative that the case should be transferred to the Northern District of Texas where its offices are located. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker*, 805 F.2d at 843. Ultimately, the decision is within the district court's discretion. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The Court is not persuaded transfer is required. TXU contends that the Northern District of Texas would be a more convenient forum. It claims that California has little interest in the subject matter, that "TXU would be forced to send multiple employees, documents, and other evidence halfway around the continent to defend the action in California"; and that Chyba would not be prejudiced by transfer because she has litigated another dispute in the Northern District of Texas. No doubt TXU would prefer to litigate this case where its

employees and records are located. But that is not sufficient to override Chyba's choice of forum. This is not a complex case. TXU has not identified any particular witness. It has not specified why the transport of records to California would be particularly burdensome. In short, it has not shown that the demands of litigating in California are unreasonable. *See Armored Grp., LLC v. Supreme Corp.*, CV 09-414-PHX-NVW, 2009 WL 2513816, at *3 (D. Ariz. Aug. 17, 2009) ("Defendants provide only vague generalizations about the witnesses that will be required, which is insufficient to meet their burden on this issue.") TXU's motion to transfer is denied.

## CONCLUSION

Because Chyba has satisfied her burden of establishing a prima facie case of personal jurisdiction, and because TXU has failed to show why transfer is warranted, TXU's motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 17, 2013

HON. ROGER T. BENITEZ
United States District Court Judge