# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA CHYBA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TXU ENERGY, et al.,<br><br>　　　　　　Defendants. | CASE NO. 12cv837-LAB (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. 65]** |

Chyba originally sued the TXU Defendants ("TXU") in 2012, alleging violations of the Fair Credit Reporting Act. After TXU went into bankruptcy in 2014, this Court stayed the case for the duration of those proceedings. Dkt. 58. In July of this year, after nearly four years of radio silence, the Court ordered the parties to show cause why the case shouldn't be dismissed for failure to prosecute. Dkt. 63. It appears the parties, or at least TXU, had essentially forgotten about the case. Judge Benitez's Stay Order required TXU to file a status report every 120 days, but TXU filed an initial status report and then proceeded to ignore the status report requirement for the better part of four years.

Notwithstanding TXU's violation of the Court's order, it now asks this Court to dismiss Chyba's claims, arguing that she is precluded from continuing this litigation because she failed to timely submit a claim during the bankruptcy, as she was required to do. The reorganization plan for TXU and its affiliated entities required that any creditors, including Chyba, file a notice of their claims by certain dates. In August 2014,

- 1 -

1 Epiq, the bankruptcy claims agent for the TXU bankruptcy, claims to have served Chyba
2 with a copy of the Bar Date Notice, warning that her claims would be barred if she failed
3 to timely submit a claim:

> Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:
> **(a)** YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);
> **(b)** THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;
> **(c)** YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND
> **(d)** YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

Dkt. 73, Ex. A-1 at "Page 288"; *see also* Garabato Decl., Dkt. 73, Ex. C ¶ 4 ("In August 2014, Epiq served Pamela Chyba with the [Bar Date Notice]. In addition to the Bar Date Notice, Epiq served Ms. Chyba with a sample 'Proof of Claim Form,' amongst other documents."). Despite these warnings, TXU says Chyba never filed a claim. *See* Garabato Decl., Dkt. 73, Ex. C ¶ 5 ("Ms. Chyba did not submit a claim.").

Chyba argues in opposition that she did, in fact, submit a claim prior to the Bar Date. *See* Plaintiff's Opposition, Dkt. 68 at 4 ("Plaintiff did send the 'proof of claim' on October 14, 2014 – plaintiff filled out the provided pamphlet and returned 'proof of claim' to third party entity." [sic]).

The Court is not in a position to hash out whether Chyba did or did not send in a proof of claim, and a motion to dismiss is the not the appropriate vehicle for weighing

1 | conflicting evidence.  If Chyba did send in a claim and the claims administrator ignored it,
2 | that's an issue for the Bankruptcy Court, not this one.  The Bankruptcy Court "retain[s]
3 | exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases
4 | and the Plan . . . including jurisdiction to: . . . adjudicate, decide, or resolve any motions,
5 | adversary proceedings, contested or litigated matters, and any other matters . . . involving
6 | a Debtor that may be pending on the Effective Date."  Dkt. 66, Ex. A-2 at Ex. A, p. 110.  If
7 | Chyba wishes to continue pursuing her claims against TXU, she must therefore do it in
8 | the Bankruptcy Court.  TXU's Motion to Dismiss is **GRANTED** and this case is
9 | **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: December 10, 2018

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge